# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-226V
Filed: September 17, 2014

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| STEPHEN WARREN, as the Proposed   * | |
| Executor of the Estate of T.W., Deceased,   * | |
|   * | Special Master Hamilton-Fieldman |
| Petitioner,   * | |
|   * | |
| v.   * | Petitioner's Motion for Dismissal |
|   * | Decision; Insufficient Proof of |
| SECRETARY OF HEALTH   * | Causation; Vaccine Act Entitlement; |
| AND HUMAN SERVICES,   * | Human Papillomavirus ("HPV") |
|   * | Vaccine; Acute Lymphocytic |
| Respondent.   * | Leukemia. |
|   * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | |

Mark T. Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.
Debra Begley, United States Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On April 1, 2013, Stephen Warren ("Petitioner") filed a petition on behalf of his child, T.W., as the proposed executor of his child's estate, for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioner alleged that T.W. suffered from Acute Lymphocytic Leukemia, and that this injury had been caused by the human papillomavirus ("HPV") vaccines T.W. received on June 24, 2009, September 1, 2009, and December 30, 2009. Petition ("Pet") at 1-2. The information in the record does not show entitlement to an award under the Program.

On September 16, 2014, Petitioner filed a Motion for a Dismissal Decision.[2] In his

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] Previously, Petitioner filed a Motion for Ruling on the Record. Motion, ECF No. 30.

Motion, Petitioner indicates that after a thorough review of the records, "he will be unable to prove that he is entitled to compensation in the Vaccine Program." Motion, ECF No.33. Petitioner further states that he has been advised by his counsel that a decision dismissing his petition will result in a judgment against him and will end all of his rights in the Vaccine Program. Motion, ECF No. 33.

To receive compensation under the Vaccine Act, petitioner must prove either 1) that T.W. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that T.W. suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that T.W. suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that T.W.'s injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion.

Therefore, the only alternative remains to DENY this petition. **Thus, this case is dismissed for insufficient proof. In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

However, he indicated that he intended to file a Motion for a Decision on the Record and filed a Motion for a Decision Dismissing his Petition on September 16, 2014. Motion, ECF No. 33.

2